The People of the State of New York, Appellant,
against
Brian M. Mannix, Respondent.




Suffolk County District Attorney (Alfred J. Croce of counsel), for appellant.
Law Office of Michael J. Alber, PC (Robert T. Nothdurft, Jr. of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, First District (Chris Ann Kelley, J.), dated September 18, 2017. The order, after a suppression hearing held pursuant to a stipulation, suppressed evidence on the ground that a checkpoint stop was unconstitutional.




ORDERED that the order is reversed, on the law, suppression on the ground that the checkpoint stop was unconstitutional is denied and the matter is remitted to the District Court for a determination of the remaining grounds for suppression pursuant to the stipulation in accordance with this decision and order.
Insofar as is relevant here, defendant was charged with driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs (Vehicle and Traffic Law § 1192 [4-a]), and possession of marihuana (Penal Law § 221.05). A combined Mapp/Dunaway/ Huntley/refusal hearing was held pursuant to a stipulation. The assistant district attorney stated that this is "a checkpoint case" and proffered the testimony of one witness, the arresting officer. Defendant argued that the evidence should be suppressed on the ground, among others, that the People had failed to establish the constitutionality of the police checkpoint at which defendant had been arrested. The District Court agreed and suppressed the evidence on that ground. The [*2]People appeal.
The People met their burden of establishing that the checkpoint had been created and operated in a manner "consistent with the Fourth Amendment and New York Constitution, article I, § 12" (People v Manahan, 23 Misc 3d 134[A], 2009 NY Slip Op 50802[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). The testimony of the arresting officer established that the creation and operation of the checkpoint had not been left to the discretion of the officers in the field (see Matter of Muhammad F., 94 NY2d 136, 142 [1999]; People v Mikalsen, 52 Misc 3d 142[A], 2016 NY Slip Op 51197[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]); that every driver had been stopped (see City of Indianapolis v Edmond, 531 US 32, 39 [2000]; Matter of Muhammad F., 94 NY2d at 146; People v John BB., 56 NY2d 482, 488 [1982]); and that lighting and safety concerns, as well as concerns about "fair warning of the existence of the checkpoint," had been addressed (People v Scott, 63 NY2d 518, 526 [1984]). Thus, the evidence should not have been suppressed based upon the alleged unconstitutionality of the checkpoint.
However, after holding the combined hearing, the District Court did not consider any grounds for suppression other than the alleged unconstitutionality of the checkpoint, and this court therefore cannot consider those other grounds (see People v Lucas, 52 Misc 3d 142[A], 2016 NY Slip Op 51205[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). 
Accordingly, the order is reversed, suppression on the ground that the checkpoint stop was unconstitutional is denied and the matter is remitted to the District Court for a determination of the remaining grounds for suppression pursuant to the stipulation in accordance with this decision and order.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 21, 2019